### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS JOSE MUNOZ ESCOBAR, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. CIV-26-1291-D ) |
| MARKWAYNE MULLIN, et al., | ) ) |
| Respondents.[1] | |

## REPORT AND RECOMMENDATION

Petitioner Carlos Jose Munoz Escobar, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. The Government responded, Doc. 10, and Petitioner replied, Doc. 11. So the matter is at issue.

---

[1]     Fred Figueroa is the current Warden of the Diamondback Correctional Facility, and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

[2]     This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I.      Factual background and Petitioner's claims.

Petitioner is a citizen of Venezuela who entered the United States on September 13, 2024, but lacked sufficient documentation for entry. Doc. 10, Ex. 1, at 1; Doc. 1, at 5. The Department of Homeland Security (DHS) issued a Notice to Appear (NTA) and placed him in removal proceedings. Doc. 10, Ex. 1, at 1. He was enrolled in the Compliance Assistance Reporting Terminal (CART) program, requiring check-ins with Immigration and Customs Enforcement (ICE) every eleven months. *Id.* Petitioner did not appear for his December 15, 2025 CART ICE check-in, and ICE deactivated him from the program. *Id.*

On April 15, 2026, ICE Enforcement and Removal Operations (ERO) surveilled Petitioner's home and took him into custody. Doc. 1, at 2. Petitioner maintains he traveled to ICE on December 15, 2025, and because of a family emergency, he decided not to appear and telephoned the office. Doc. 11, at 3-4. Petitioner reports he was told that he could either report to the ICE office or wait for another scheduled date that he would receive in the mail, which he never received. *Id.* at 3.

2

Petitioner raises six claims for relief: (1) violation of the Immigration and Nationality Act (INA) and its implementing regulations; (2) violation of the Fifth Amendment's Due Process Clause because he was denied a bond hearing; (3) violation of the Administrative Procedure Act (APA) through arbitrary and capricious agency action; (4) violation of the Fifth Amendment's Equal Protection Clause; (5) violation of the Suspension Clause; and (6) violation of 8 C.F.R. § 287.8(c) and the *Accardi* doctrine,[4] because of his warrantless arrest. Doc. 1, at 15-27.

He seeks: (1) an order to show cause directing Respondents to file a return within three days, and set the matter for a prompt hearing; (2) an order enjoining Respondents from transferring Petitioner during the pendency of the instant action;[5] (3) a declaration that Petitioner's continued detention violates the INA, the APA, and/or the Due Process Clause of the Fifth Amendment; (4) a grant of the writ of habeas corpus, ordering his immediate release from ICE custody or, in the alternative, a constitutionally adequate bond hearing at which DHS bears the burden of proving that he is a danger to the community or a flight risk that cannot be mitigated by reasonable conditions of

---

[4]     *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260 (1954).

[5]     The Court addressed these requests in its Order for Response, Doc. 8.

supervision; and (5) award Petitioner his costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 28.

After the Court received the parties' briefing, Petitioner received a July 20, 2026 custody redetermination hearing. S*ee* Doc. 12, at 2. There, an Immigration Judge (IJ) denied bond to Petitioner, first finding the immigration court did not have jurisdiction to redetermine custody. Doc. 12, Ex. 1, at 4. Notwithstanding that finding, the IJ conducted a custody redetermination hearing and concluded that Petitioner posed a flight risk. *Id.* at 4-5. He found that "given the magnitude of [Petitioner's] circumstances, specifically, the possibility of leaving his family and friends and returning to a country where little awaits, the Court has significant doubts that [he] will appear at future hearings." *Id.* at 5.[6]

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in

---

[6]    The IJ misidentified Petitioner's country of removal as Colombia, rather than Venezuela.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Discussion.

### A.    The Court should deny Petitioner's claims.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry,* 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not

5

subject to judicial review." *Id.* (citing 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.")). "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra,* No. CIV-26-164-R, 2026 WL 753944, at \*2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 676 (quoting *Arellano v. Sessions,* 2019 WL 3387210, at \*7 (W.D.N.Y. 2019)).

Petitioner received a bond hearing, where he was represented by counsel. The IJ noted a Petitioner's "transient" employment history and that he "has no family in the United States, aside from his spouse and young children." Doc. 12, Ex. 1, at 2. Although these findings may appear rote, the undersigned concludes the hearing comported with due process. Petitioner reserved his

right to appeal that decision to the Board of Immigration Appeals (BIA). *See* 8 C.F.R. § 1003.19(f) (authorizing appeals to the BIA from IJ bond decisions); 8 C.F.R. § 1236.1(d)(3) (discussing circumstances when a noncitizen may appeal a bond order to the BIA). Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.

Petitioner also argues that the IJ's alternative findings "oncerning flight risk and bond eligibility were ultra vires and exceeded" the IJ's authority. Doc. 12, at 2. The undersigned disagrees. As Petitioner notes in his reply brief, on June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are subject to 8 U.S.C. § 1226(a), and are therefore eligible for a bond hearing." Doc. 11, at 2. Less than three weeks later, Petitioner received a custody redetermination hearing. Because Petitioner has already received a constitutionally adequate bond hearing, the Court should deny his petition for habeas corpus relief. *See Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

**IV.     Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.[7]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 24, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 3rd day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7]     The undersigned finds it is not necessary to reach Petitioner's remaining claims, as they all revolve around the lack of a custody redetermination hearing. Doc. 1, at 22-27.