**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLOS JOSE MUNOZ ESCOBAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1291-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner Carlos Jose Munoz Escobar filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States on September 13, 2024. *Id.* at p. 2. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement ("ICE") on April 15, 2026. *Id.* His removal proceedings are ongoing, and he is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Although Respondents argue that Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), he was provided with a bond hearing on July 20, 2026. [Doc. No. 10], [Doc. No. 12]. At the bond hearing, the immigration judge denied Petitioner's request on the basis that he lacked jurisdiction and because he found Petitioner was a "flight risk." [Doc. No. 12, at p. 2], [Doc. No. 12-1, at p. 4-6].

Petitioner challenges his re-detention by ICE on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him, that

ICE violated his due process rights, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226, at which the government should bear the burden of proof. [Doc. No. 1]. Respondents filed a response in opposition, arguing that Petitioner is properly detained under 8 U.S.C. § 1225(b). [Doc. No. 10]. Petitioner filed a reply [Doc. No. 11].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 6]. Judge Mitchell issued a Report and Recommendation ("Report"), recommending that the Court deny the Petition because Petitioner was provided with a constitutionally adequate bond hearing, and because the Court lacks jurisdiction to review a discretionary bond determination by an immigration judge. [Doc. No. 15]. Specifically, she determined the immigration judge's findings that Petitioner had a "transient" employment history and "has no family in the United States, aside from his spouse and young children" adequately supported the immigration judge's conclusion that he was a "flight risk." *Id.* at p. 6.

Petitioner filed a timely Objection to the Report, arguing that the Court should order his release or order he be provided with a bond hearing pursuant to 8 U.S.C § 1226(a), at which the government bears the burden of proof. [Doc. No. 16]. Specifically, he argues that the bond hearing was constitutionally inadequate because the immigration judge determined that he did not have jurisdiction to conduct a bond hearing. *Id.* Additionally, he argues that he should be provided another bond hearing because the determination that Petitioner was a flight risk was based on the incorrect belief that he was from Colombia. *Id.* Petitioner also objects to Judge Mitchell's recommendation that the Court need not address Petitioner's remaining claims, because "they all revolve around the lack of a

custody redetermination hearing." *Id.* Petitioner contends that his arguments that his re-detention violates his due process rights, and violates the APA, Equal Protection, and Suspension Clause challenge the adequacy of the habeas remedy itself and not specifically that he be afforded a bond hearing. *Id.*

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Mitchell's determination that the bond hearing was conducted pursuant to 8 U.S.C. § 1226(a) and was constitutionally adequate. Additionally, the Court agrees that it lacks subject matter jurisdiction to review the immigration judge's discretionary bond denial. Although the immigration judge noted that he lacked jurisdiction to conduct a bond hearing, he conducted the bond hearing and denied Petitioner's request for release on bond on the basis that Petitioner was a flight risk. [Doc. No. 12-1]. Moreover, the immigration judge's determination was not a conclusory rubber stamp. The immigration judge considered some of the flight risk factors and concluded that Petitioner's transient employment history and lack of sufficient family ties in the United States supported a finding that he was a flight risk. *Id.* Even though the immigration judge incorrectly identified Petitioner as ordered to be removed to Columbia instead of Venezuela, Petitioner fails to explain how this error impacts the immigration judge's consideration and reliance on Petitioner's employment history and lack of family ties in denying his request.

Furthermore, the Court declines to specify or alter the burden of proof at this stage. Indeed, the applicable regulations provide that the burden is on the non-citizen to establish that he is not a flight risk and not a danger to the community. 8 C.F.R. § 236.1(c)(8); *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). Neither the United States Supreme Court nor the United States Court of Appeals for the Tenth Circuit have directly addressed the issue. Thus, because there is an absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to alter the burden of proof. *See Adediran v. Figueroa*, No. CIV-26-801-J, Doc. No. 15, at p. 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving [the issue of altering the burden of proof], and because Petitioner's request would substantially alter the existing framework, the Court declines to hold . . . that due process requires a different procedure."); *Singh v. Mullin*, No. CIV-26-712-HE, Doc. No. 13, at p. 2-7 (W.D. Okla. June 18, 2026) ("Due Process is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) hearing.").

The Court also agrees with Judge Mitchell's determination that "it is not necessary to reach Petitioner's remaining claims, as they all revolve around the lack of a custody redetermination." [Doc. No. 15, at p. 8 n. 7]. Petitioner attempts to recharacterize his arguments in his objection to the Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Before Petitioner received his bond hearing, he conceded that "[t]he Court need not reach Petitioner's constitutional claims if it grants statutory relief under *Santillan Quiroz*." [Doc. No. 11] (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). As explained prior, Petitioner has been provided with a

bond hearing under 8 U.S.C. § 1226(a), which is compliant with *Santillan Quiroz*. *See Santillan Quiroz*, 180 F.4th at 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

Accordingly, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 15] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED** as set forth herein. A separate judgment shall be entered.

**IT IS SO ORDERED** this 30th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE